ADAM GORDON
United States Attorney
MICHAEL A. DESHONG
California Bar No. 301041
HENRY F.B. BESHAR
District of Columbia Bar No. 90007286
Assistant United States Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9290
Fax: (619) 546-0510
Email: michael.deshong@usdoj.gov
Email: henry.beshar@usdoj.gov
Attorneys for the United States

**FILED**

JUN 1 8 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.

JOHN WASHBURN,

　　　　　Defendant

Case No. 25cr1372-BLM

**PLEA AGREEMENT**

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Michael A. Deshong and Henry F.B. Beshar, Assistant United States Attorneys, and defendant, John Washburn, with the advice and consent of Patrick Martin Griffin, counsel for defendant, as follows:

//
//
//
//
//
//

Def. Initials _____

# I

## THE PLEA

### A.    THE CHARGE

Defendant agrees to plead guilty to Count 2 of a two-count Superseding Information charging defendant with:

> Beginning on a date unknown and continuing up to March 27, 2025, within the Southern District of California, JOHN WASHBURN engaged in a pattern and practice of hiring, recruiting, and referring for a fee, for employment in the United States aliens, knowing the aliens are unauthorized with respect to such employment in violation of Title 8, United States Code, Section 1324a(a)(1)(A) and (f):

### B.    PRESERVATION OF EVIDENCE

In return for the concessions made by the Government herein, defendant agrees further as follows:

1.    Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2.    Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to any cellular device(s); and

3.    Upon acceptance of defendant's guilty plea by the District Court, defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

### C.    DISMISSAL OF THE REMAINING COUNT

The Government agrees to (1) move to dismiss the remaining count without prejudice when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charge unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

Def. Initials_____
Case No. 25cr1372-JAH

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1.    Defendant hired certain persons for employment in the United States;

2.    The persons hired by Defendant were not citizens of the United States and authorized to work in the United States;

3.    Defendant knew that the persons he hired were not citizens of the United States and not authorized to work in the United States.

4.    Defendant hired these persons as part of a pattern or practice of employing unauthorized aliens.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    In or around October of 2019, Defendant John Washburn began working for a company at its warehouse located on N. Magnolia Avenue in the Southern District of California, "Company 1."

2.    At all relevant times, Defendant held a management position at Company 1 and acted as an agent of Company 1, acted within the scope of his authority at Company 1, and acted on behalf of or for the benefit of Company 1.

3.    While serving as a manager at Company 1, Defendant solicited certain employees to assist with recruiting others to work at Company 1.

4.    When some of these potential new hires were presented to Defendant, he was advised that they had issues with "their papers" or had "bad paperwork." Defendant knew this was a reference to the potential recruits being aliens that lacked valid documents showing they had legal authorization to work in the United States.

3

Def. Initials_____
Case No. 25cr1372-JAH

5. Defendant engaged in a pattern or practice of hiring such persons to perform work on behalf of Company 1 despite knowing they were aliens without legal authorization to work in the United States.

6. While employed by Company 1, Defendant communicated with other Company 1 managers regarding certain employees having "bad paperwork." Specifically, Company 1 provided employees to work on certain military bases that had to be screened prior to entering restricted areas.

7. In or around 2024, Defendant communicated with Company 1 Official A (Company 1's Human Resources Manager) and Company 1 Official B Company 1's Chief Executive Officer and President) regarding assigning employees with "good paperwork" to perform work at the military base.

8. On March 27, 2025, Defendant had actual knowledge of at least 10 aliens working in Company 1's warehouse that were not U.S. citizens and had no legal authorization to work in the United States.

9. On March 27, 2025, Defendant had actual knowledge that at least three individuals that were not U.S. citizens and lacked legal authorization to work in the United States were living in Company 1's warehouse. The same warehouse that stored components of a U.S. Navy submarine.

## III

## PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A. A maximum 6 months in prison for the entire pattern and practice of employing unauthorized aliens;

B. A maximum $3,000.00 fine per unauthorized alien;

C. A maximum 5 year term of probation;

D. A mandatory special assessment of $10.00 per count;

E. Unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count;

F. Possible ineligibility for certain Federal benefits.

4

Def. Initials _____
Case No. 25cr1372-JAH

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS
### AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
### PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

//

//

//

5

Def. Initials _____
Case No. 25cr1372-JAH

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Additionally, the United States Sentencing Guidelines do not apply to a Class B misdemeanor. The Court may impose

6

Def. Initials _____
Case No. 25cr1372-JAH

a sentence up to the maximum in the statute of conviction. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" as to the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING SENTENCING

The parties agree to jointly recommend that defendant be sentenced to:

(i)      Time served in custody;

(ii)     50 hours of community service at a not-for-profit organization approved by the U.S. Probation Office; and

7                          Def. Initials _____
                                 Case No. 25cr1372-JAH

(iii)   A two-year term of probation.

If the Court decides not to follow the parties' joint recommendation, it does not provide Defendant a basis to withdraw his guilty plea.

G.   SPECIAL ASSESSMENTS AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $10.00 and that the Court not impose a fine.

In addition, unless the sentencing court finds defendant to be indigent, the parties also will jointly recommend that defendant pay an additional special assessment in the amount of $5,000 per count of qualifying conviction, which shall not be payable until defendant satisfies all outstanding fines, orders of restitution, and any other obligation in this case related to victim-compensation. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel.

//

//

8                    Def. Initials _____

Case No. 25cr1372-JAH

//

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.  Failing to plead guilty pursuant to this agreement;

B.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.  Failing to appear in court;

D.  Attempting to withdraw the plea;

E.  Failing to abide by any court order related to this case;

F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed,

9

Def. Initials _____
Case No. 25cr1372-JAH

or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

10

Def. Initials _____

Case No. 25cr1372-JAH

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

DATED 5/27/25

MICHAEL A. DESHONG
HENRY F.B. BESHAR
Assistant U.S. Attorney

DATED 5/16/25

PATRICK MARTIN GRIFFIN
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

DATED 5-16-25

JOHN WASHBURN
Defendant

11

Def. Initials
Case No. 25cr1372-JAH